**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARJORIE FRIEDMAN SCHERR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 1:10-CV-07384 |
| MARRIOTT INTERNATIONAL, INC., | ) |
| ET AL, | ) |
| | ) **Judge Norgle** |
| Defendants. | ) |
| | ) |
| | ) |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants Marriott International, Inc., Courtyard II Associates, LP, Courtyard Management Corporation, and Marriott International Design and Construction Services, Inc. (collectively "Defendants"), hereby move the Court for an order dismissing the Plaintiff's Complaint. In support of this motion, Defendants state as follows:

1. Plaintiff alleges only a single count in her complaint, premised upon Title III of the Americans with Disabilities Act ("ADA"). Plaintiff requests only injunctive relief and attorneys fees pursuant to the ADA.

2. Plaintiff lacks standing to pursue her Title III ADA claim, as she cannot establish an invasion of a legally protected interest which is concrete and particularized, or a real and immediate threat of injury.

3. Instead, the Complaint establishes that there is no threat of future harm to Plaintiff, inasmuch as she has previously averred in sworn statements that she does not have any concrete or particularized intention of returning to any of the properties at issue in the Complaint.

4. In addition, Plaintiff has failed to state a claim upon which relief can be granted, as her claim against 56 hotels "throughout the United States" rests on nothing more than sheer speculation piled upon inference.

5. Finally, Plaintiff's claim asserted against the single hotel where her injuries occurred is barred by the statute of limitations, as she was or should have been fully aware of a potential claim under the ADA more than two years prior to the filing of the Complaint.

6. As explained more fully in Defendants' Memorandum in Support of Its Motion to Dismiss the Plaintiff's Complaint, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant respectfully requests that the Court grant its motion and dismiss the Plaintiff's Complaint.

Dated: January 18, 2011

Respectfully submitted,

ON BEHALF OF DEFENDANTS

By: s/ Mark M. Trapp

Attorney Number: 6276066
E-mail: mtrapp@ebglaw.com

**Attorney for Defendants**
Mark M. Trapp
EPSTEIN BECKER & GREEN, P.C.
150 N. Michigan Ave., 35th Floor
Chicago, Illinois 60601
(312) 499-1425
(312) 827-9525

2